**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 17 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAMS & COCHRANE, LLP, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SHARON ROSETTE; ROSETTE & ASSOCIATES, PC; ROSETTE, LLP, <br><br> Defendants-Appellees, <br><br> and <br><br> QUECHAN TRIBE OF THE FORT YUMA INDIAN RESERVATION; ROBERT ROSETTE; RICHARD ARMSTRONG; KEENY ESCALANTI, Sr.; MARK WILLIAM WHITE II; DOES, 1 through 10, <br><br> Defendants. | No.   23-55166 <br><br> D.C. No. <br> 3:17-cv-01436-RSH-DEB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Robert Steven Huie, District Judge, Presiding

Argued and Submitted April 9, 2024
Pasadena, California

Before:  MURGUIA, Chief Judge, and MENDOZA and DE ALBA, Circuit
Judges.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Plaintiff Williams & Cochrane ("W&C") appeals the district court's order granting summary judgment in favor of Defendants Rosette on W&C's claim for false advertising under the Lanham Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The district court concluded that "[b]ecause W&C has no evidence that the Pauma Sentence influenced the Quechan Tribe's decision—and because the evidence establishes that it did *not* influence that decision—its Lanham Act claim fails for lack of proximate causation." We agree.

The Lanham Act proscribes false advertising—that is, making any "false or misleading description of fact, or false or misleading representation of fact" in commerce that "misrepresents the nature, characteristics, qualities, or geographic origin" of goods or services in commercial advertising. 15 U.S.C. § 1125(a)(1)(B). Critically, "a plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing *directly* from the deception wrought by the defendant's advertising; and that . . . occurs when deception of consumers causes them to withhold trade from the plaintiff." *Lexmark Int'l., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 133 (2014) (emphasis added). A plaintiff "cannot obtain relief without *evidence* of injury proximately caused by [a defendant's] alleged misrepresentations." *Id.* at 140.

Quechan president Keeny Escalanti and Quechan Tribal Councilmember Mark William White II had not reviewed Robert Rossette's biography prior to the June 2017 meeting. Nor had the Quechan Tribal Council reviewed any of Rosette's marketing or solicitation materials. There is no indication that Quechan was even *aware* of Rosette's biography, let alone that the biography *caused* Quechan to fire W&C.[1]

Rather, the undisputed facts reflect that Quechan fired W&C due to dissatisfaction with W&C's representation in the ongoing gaming compact dispute. Quechan fired W&C in large part due to its "exorbitant monthly flat fee" of $50,000, and hired Rosette because it would do the same work "for 1/5 or less of the monthly fees [Quechan was] paying to Williams & Cochrane without any additional contingency fee." In short, the allegedly false advertisement was not a proximate cause of Quechan's decision to change law firms, and the district court properly granted summary judgment on this basis.

2. W&C also appeals the district court's orders resolving the discovery dispute among the parties, arguing that the district court erred in applying

---

[1] In *Lexmark*, the Court permitted a false advertising claim to survive the motion to dismiss stage where the plaintiff had "*alleged* an adequate basis to proceed under § 1125(a)" and therefore was "entitled to a chance to prove its case." 572 U.S. at 140; *see also Enigma Software Group USA, LLC v. Malwarebytes, Inc.*, 69 F.4th 665, 671–74 (9th Cir. 2023) (reversing dismissal of false advertising claim). W&C had that chance, and still did not adduce any evidence to establish statutory standing for its Lanham Act claim.

3

California privilege law rather than federal law. We review the district court's choice-of-law determination de novo. *Stromberg v. Qualcomm Inc.*, 14 F.4th 1059, 1066 (9th Cir. 2021).

Generally, "[t]he common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege . . . . But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501; *see also Lewis v. United States*, 517 F.2d 236, 237 n.2 (9th Cir. 1975). "Where there are federal question claims and pendent state law claims present, the federal law of privilege applies." *Agster v. Maricopa County*, 422 F.3d 836, 839–40 (9th Cir. 2005) (citation omitted).

Under federal common law, "the attorney-client privilege extends only to communications made 'for the purpose of facilitating the rendition of professional legal services.'" *In re Grand Jury*, 23 F.4th 1088, 1092 (9th Cir. 2021) (quoting *United States v. Rowe*, 96 F.3d 1294, 1296 (9th Cir. 1996)). Even when applying federal common law, "[w]e may also look to state privilege law—here, California's—if it is enlightening." *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340 (9th Cir. 1996); *see also Lewis*, 517 F.2d at 237.

Rosette withheld 213 documents as privileged attorney-client communications. W&C challenged Rosette's assertions of privilege on several grounds, all of which the magistrate judge rejected. Although the magistrate judge

4

erred in applying California law, the outcome would have been the same under federal law. Thus, the district court's application of state privilege law was harmless error. *See Agster*, 422 F.3d at 838 (explaining that a discovery "order would become irrelevant for all practical purposes . . . if, upon appeal after a final judgment, we assumed the impropriety of the discovery order but found the error harmless").

**AFFIRMED.**